OPINION
{¶ 1} Defendant, Jerry Arnold, appeals from his conviction and sentence for illegal use of a minor in nudity oriented materials, pandering sexually oriented material involving a minor, and complicity to the illegal use of a minor in nudity oriented material.
{¶ 2} After the mother of an underage female reported to Springfield police that Defendant was taking sexually provocative photographs of her daughter and two other young girls, police spoke with two of the females involved and then obtained a search warrant for Defendant's residence. Upon executing that search warrant police seized photographs of three underage females in various states of nudity. Police also seized several articles of women's clothing including lingerie, pornographic magazines and videos, a photo album containing photographs of Defendant in the nude engaging in sex acts with nude adult females, a vibrator, a Polaroid camera and film, and marijuana.
{¶ 3} Defendant was subsequently indicted on three counts of illegal use of a minor in nudity oriented material, R.C. 2907.323(A)(3), one count of pandering sexually oriented material involving a minor, R.C. 2907.322(A)(5), one count of complicity to the illegal use of a minor in nudity oriented material, R.C. 2923.03, R.C. 2907.323(A)(1), and three counts of attempted corruption of a minor with a specification that the offender is ten or more years older than the victim. R.C. 2923.02, R.C. 2907.04.
{¶ 4} This matter proceeded to a jury trial. At the trial all three underage females involved testified that Defendant had encouraged them to take nude photographs of one another after showing them pornographic magazines, videos and photo albums, and he gave the girls money and marijuana in exchange for the nude photographs. Defendant denied taking the nude photographs. Defendant claimed that although he allowed the young girls to come into his home to do various chores, he had no knowledge that they were taking nude photographs of each other.
{¶ 5} Pursuant to Defendant's motion for a directed verdict of acquittal, the trial court dismissed the three counts of attempted corruption of a minor. The jury found Defendant guilty on all of the remaining charges. The trial court sentenced Defendant to concurrent prison terms totaling six years.
{¶ 6} Defendant has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
{¶ 7} "THE COURT ERRED IN ALLOWING INTO EVIDENCE, EVIDENCE OFDEFENDANT'S OTHER CRIMES, WRONGS, OR ACTS.
 {¶ 8} At the close of the State's case-in-chief, the trial courtadmitted into evidence over Defendant's objection State's Exhibit F,which consists of seven magazines entitled "Barely Legal" that policerecovered from Defendant's home. These magazines depict young females invarious states of nudity.
 {¶ 9} State's Exhibit U is a photo album police recovered fromDefendant's home. It contains photographs of Defendant in the nude withtwo nude adult females, engaging in sexual activity. Although the trialcourt did not permit this exhibit to go to the jury, the courtnevertheless ruled, over Defendant's objection, that the prosecutor inhis closing argument could make reference to these photographs, which theprosecutor did.
 {¶ 10} Defendant argues that the use and introduction of State'sExhibits F and U at trial violated Evid.R. 404(B) because thisinflammatory, prejudicial evidence of Defendant's bad character was usedby the State to demonstrate that Defendant is the type of person whoenjoys looking at photographs of nude females, engaging in sexualactivity, and thus he has the propensity to commit these types ofoffenses, including those charged in this case.
 {¶ 11} Evid.R. 404(B) provides:
 {¶ 12} "Other crimes, wrongs or acts. Evidence of other crimes,wrongs, or acts is not admissible to prove the character of a person inorder to show that he acted in conformity therewith. It may, however, beadmissible for other purposes, such as proof of motive, opportunity,intent, preparation, plan, knowledge, identity, or absence of mistake oraccident."
 {¶ 13} As a general rule, the State may not introduce in itscase-in-chief evidence of a defendant's bad character for the purpose ofproving that he acted in conformity with that bad character in committingthe crime alleged. Evid.R. 404(A) and (B). This rule is grounded inconstitutional considerations of due process and a fair trial. State v.Savage (Sept. 22, 2000), Clark App. No. 99CA19. Evidence probative of aperson's character creates an inference of propensity, which is aninherent tendency to act in a certain way. Id. When the propensityinvolved demonstrates that a defendant may have committed the crimealleged because he has committed similar bad acts in the past, it isviewed as too speculative to be reasonable and fair. State v. Jamison(1990), 49 Ohio St.3d 182; State v. Hawn (June 30, 2000), MontgomeryApp. No. 17722. There are exceptions to this general rule, however.
 {¶ 14} One such exception is codified in Evid.R. 404(B) whichpermits the State to offer evidence of a defendant's other crimes,wrongs, or acts, notwithstanding the inference of propensity they mightcreate, when that evidence is probative of motive, opportunity, intent,preparation, plan, knowledge, identity, or the absence of mistake oraccident. However, before a defendant's other crimes, wrongs, or acts maybe offered to prove any of those matters, it must genuinely be in issue.State v. Smith (1992), 84 Ohio App.3d 647; Hawn, supra; Savage, supra.Those matters become a fact in issue when stated or suggested bycounsel's argument, or by evidence that's been introduced.
 {¶ 15} The State asserts that it did not offer the pornographicmagazines (State's Exhibit F) and photo album (State's Exhibit U) foundin Defendant's home to prove Defendant's bad character to infer that heacted in conformity with that bad character in committing the crimes withwhich he was charged. Rather, the State claims it introduced thechallenged evidence to prove certain matters which Evid.R. 404(B)permits: motive, preparation/plan, and the absence of mistake oraccident.
 {¶ 16} We reject the State's assertion that evidence ofDefendant's other crimes, wrongs or acts was admissible to prove eithermotive or the absence of mistake or accident. Those matters were not inissue in this case. The State charged that the Defendant took thephotographs. Defendant denied taking the photographs, at all. So, whetherhe had some motive for taking them or whether he took them by accident ormistake, were not matters put in issue by either party. We neverthelessagree with the State that the evidence was admissible to proveDefendant's knowledge and his preparation or plan in committing theseoffenses.
 {¶ 17} In his opening statement defense counsel set out for thejury what the defense would be in this case: that Defendant was notpresent when these three underage girls took nude photographs of oneanother, that Defendant neither suggested nor encouraged the girls to dothat, and that Defendant had no knowledge the girls were engaging in thisconduct. Clearly, Defendant's knowledge, or lack thereof, was a genuinematter in issue at this trial.
 {¶ 18} Furthermore, the three underage females involved in thiscase testified at trial that Defendant suggested what he wanted them todo. For instance, they said that Defendant showed them the pornographicmagazines, videos, and a photo album that depicted nude females,sometimes engaging in sexual activity, that the State offered inevidence. At times Defendant would point out particular poses that heliked. The girls viewed this pornography before they took nudephotographs of one another, and the materials guided them in deciding whattypes of photographs they should take of each other. The girls attemptedto mimic some of the poses depicted in the pornographic materials thatDefendant had indicated he liked. Defendant's preparation or plan incommitting these offenses was thus also put in issue at trial by thegirl's testimony. Because Defendant's knowledge and preparation/plan weregenuine facts in issue, the State was entitled to offer evidence ofDefendant's other acts pursuant to Evid.R. 404(B) to prove thosematters. Savage, supra.
 {¶ 19} To the extent the evidence demonstrates that Defendantshowed the pornographic magazines (State's Exhibit F) and the photo album(State's Exhibit U) to these underage females in order to prompt,entice, or encourage them to take nude photographs of one another,imitating the poses they saw depicted in the pornographic materials, thatevidence was relevant, probative and admissible to prove Defendant'spreparation or plan for committing the charged offenses. That sameevidence was also admissible to prove that Defendant had knowledge of theactivity, rebutting his claim that he had no knowledge the girls wereengaged in such conduct. The trial court did not abuse its discretion inadmitting this evidence.
 {¶ 20} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
{¶ 21} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BYSENTENCING APPELLANT TO A TERM OF IMPRISONMENT OVER AND ABOVE THESTATUTORILY PRESCRIBED MINIMUM SENTENCE."
 {¶ 22} Defendant argues that the trial court failed to make thefindings required by R.C. 2929.14(B) in order to impose more than justthe minimum sentence. The record before us refutes this contention.
 {¶ 23} Pursuant to R.C. 2929.14(B), when a court imposes sentencefor a felony upon an offender who has not previously served a prisonterm, the court must impose the shortest prison term authorized for theoffense unless the court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct, or will notadequately protect the public from future crime by the offender. Thetrial court is not required to give its reasons for these findings. Statev. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 24} In this case the trial court made the findings that R.C.2929.14(B) requires, both in open court at the time of sentencingand in its judgment/sentence entry. Thus, a sentence greater thanthe statutory minimum was permissible.
 {¶ 25} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
{¶ 26} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY FAILINGTO ADVISE DEFENDANT AS TO POSSIBLE DEPORTATION AS REQUIRED BY REVISEDCODE 2943.031."
 {¶ 27} Defendant complains because the trial court failed to givehim the advice about possible deportation consequences set forth in R.C.2943.031(A). By its explicit terms, however, that provision only appliesto cases where the trial court accepts a defendant's plea of guilty or nocontest. The provision has no application when the defendant pleads notguilty and is found guilty following a jury trial, as Defendant was.
 {¶ 28} The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
{¶ 29} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TOMAKE THE DETERMINATION AS REQUIRED BY REVISED CODE 2929.14(K)."
 {¶ 30} Defendant complains because the trial court failed todetermine at the time of sentencing, as R.C. 2929.14(K) requires, whetherhe was eligible for either placement in a program of shock incarcerationor an intensive program prison. The statute further provides, however,that if the trial court fails to make any eligibility assessment andrecommendation, the Department of Rehabilitation and Correction shallscreen the offender and determine if there is an available program ofshock incarceration or an intensive program prison for which the offenderis suited.
 {¶ 31} Where, as here, the trial court does not make theeligibility determination that R.C. 2929.14(K) requires, the defendantmay yet be screened for eligibility by the Department of Correctionsafter arriving at the prison. The availability of this alternative avoidsany prejudice to Defendant in the trial court's failure to screenDefendant for eligibility, rendering any error in that regard harmless.State v. Leonard Dixon (Dec. 28, 2001), Clark App. No. 01CA17, 2001-Ohio-7075.
{¶ 32} The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
{¶ 33} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO IMPOSE THE REQUIREMENT SET FORTH IN REVISED CODE 2929.19(B)(3)(f)."
{¶ 34} Defendant complains because the trial court did not comply with R.C. 2929.19(B)(3)(f) which provides:
{¶ 35} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
{¶ 36} "Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."
{¶ 37} R.C. 5120.63 requires the Department of Rehabilitation and Correction to administer a statewide random drug testing program in state correctional institutions. The requirements which R.C. 2929.19(B)(3)(f) impose on the trial court were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs. Therefore, the trial court's failure to comply with this statutory requirement is harmless error because Defendant suffered no prejudice as a result.
{¶ 38} The fifth assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.